IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DELILA UWASOMBA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-18-2520 |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On March 31, 2020, this Court entered its Memorandum Opinion and Order (ECF Nos. 40, 41), granting Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc.'s ("Defendant" or "Merrill Lynch") Motion for Summary Judgment, and entering summary judgment in favor of Defendant. Now pending is Plaintiff Delila Uwasomba's ("Plaintiff" or "Uwasomba") Rule 59(e) Motion to Alter or Amend Judgment. (ECF No. 43.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Uwasomba's Rule 59(e) Motion to Alter or Amend Judgment (ECF No. 43) is DENIED.

## BACKGROUND

The background of this case was discussed at length in this Court's March 31, 2020 Memorandum Opinion granting Defendant's Motion for Summary Judgment. (ECF No. 40.) In brief, Plaintiff filed suit against Defendant in this Court alleging that Defendant discriminatorily refused to hire Plaintiff based on her Nigerian national origin. After conducting a background investigation on Uwasomba, Merrill Lynch informed her in a letter

dated December 19, 2016 that it was prohibited from hiring her under FDIC and FINRA regulations because of a 4-day prison sentence she received for petit larceny. (ECF No. 40 at 5-6.) On December 20, 2016, Uwasomba and a Merrill Lynch Corporate Recruiter, Susie Madden, spoke on the phone about Uwasomba's application status. (*Id.* at 6 (citing Pl.'s Dep. 211:21-212:2).) During the conversation, Madden informed Uwasomba that "they [were] not moving forward with [her]" and did not indicate that she was being considered for an alternative position. (*Id.*) Uwasomba further alleged that Madden "made statements about Nigerians and fraud." (*Id.*) At her deposition, Uwasomba repeatedly testified that she could not recall Madden's words with any greater specificity. (*Id.* (citing Pl.'s Dep. 212:9 ("I can't remember. I'm trying to remember."); 222:7 ("I can't quite remember"); 222:14-15 ("I can't quite remember."); 222:16-17 ("I don't want to say the wrong things, but – I'm so sorry."); 223:10-13 ("I'm trying to remember – if it's possible it had something to do with – I don't want to say the wrong thing . . . but it's something in relation to Nigerians and fraud."); 224:2-3 ("I'm so sorry. I cannot remember her exact words."); 224:17 ("I can't remember.").)

Uwasomba commenced this action against Bank of America, N.A on August 16, 2018. (ECF No. 1.) Uwasomba, then acting *pro se*, subsequently moved to file an Amended Complaint which identified Merrill Lynch as the sole Defendant. (ECF No. 10.) A third proposed Amended Complaint followed—this one naming both Merrill Lynch and Bank of America as Defendants. (ECF No. 16.) This Court granted Uwasomba's second Motion to Amend the Complaint (ECF No. 16) and the operative Amended Complaint (ECF No. 27) was filed, alleging disparate treatment and wrongful termination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Following discovery, Uwasomba

voluntarily dismissed Bank of America, N.A. from this action. (ECF Nos. 30, 31.) On March 31, 2020, this Court entered summary judgment in favor of Defendant Merrill Lynch, finding that Uwasomba could not prevail on her Title VII claim under either the mixed-motive framework which requires presenting direct evidence of discrimination or under the "pretext" framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). (ECF No. 40.) On July 21, 2020, Plaintiff filed the present Rule 59(e) Motion to Alter or Amend Judgment (ECF No. 43), asking this Court to reconsider its March 31, 2020 Memorandum Opinion and Order (ECF Nos. 40, 41).

## STANDARD OF REVIEW

Uwasomba moves for reconsideration under Rule 59(e) the Federal Rules of Civil Procedure. Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, while Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Uwasomba did not file her motion within 28 days of this Court's Order granting Defendant's Motion for Summary Judgment, instead filing it nearly four months later. Accordingly, Rule 60(b) governs this Court's analysis.

Rule 60(b) of the Federal Rules of Civil Procedure empowers this Court to "relieve a

3

party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). "To support a motion for relief from an Order under Rule 60(b), the moving party must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Ericksen v. Kaplan Higher Educ., LLC*, No. RDB-14-3106, 2016 WL 7377154, at *1 (D. Md. Dec. 20, 2016) (quoting *Hale v. Belton Ass'n, Inc.*, 305 F. App'x 987, 988 (4th Cir. 2009)). If these three threshold requirements are satisfied, the moving party must then demonstrate one of the six grounds for relief authorized by the Rule:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment.

*Id.*; *see* Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds [for its motion] to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations omitted). "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at *2 (D. Md. Apr. 28, 2010) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)). These motions "impose a more onerous burden on the moving party because these motions request relief from judgments, implicating interests in 'finality and repose.'" *Ma v. CaerVision Corp.*, No. RDB-15-1059, 2016 WL 3087449, at *2 (D. Md. Jun. 2, 2016). The decision to grant or deny a Rule 60(b) motion is a matter of the District Court's discretion. *Id.*

## **ANALYSIS**

Plaintiff has not met the high bar she faces to succeed on her Motion to Alter or Amend. Plaintiff's only argument for alteration or amendment is that the Court, relying on Defendant's characterization of Financial Industry Regulatory Authority ("FINRA") and Federal Deposit Insurance Corporation ("FDIC") rules and regulations, committed an error of law in determining that Plaintiff was not qualified for employment with Defendant. Specifically, Uwasomba argues that the Court did not consider that Merrill Lynch could have applied to the FDIC for an exception to allow it to employ Uwasomba. However, Uwasomba concedes that she did not raise this argument previously. (Pl.'s Mot. at 3 ("Plaintiff did not challenge these claims by Defendant in her Response Opposing the Defendant's Motion for Summary Judgment.").) On this basis alone, Uwasomba's Motion must be denied, as such motions to alter or amend do not permit a party to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *See Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

In addition, Plaintiff's argument does not generate any new dispute of material fact, as this Court explained that "Uwasomba cannot establish a *prima facie* case of discrimination because there is no evidence that she was qualified for *any* position at Merrill Lynch." (ECF No. 40 at 13.) Uwasomba did not and has not presented any evidence that a waiver would have been granted by the FDIC for her employment nor that Merrill Lynch's failure to seek a waiver was the result of any discriminatory animus or disparate treatment. Accordingly, this Court concludes that Plaintiff has failed to meet her burden for the extraordinary remedy of reconsideration of a judgment after its entry.

**CONCLUSION**

For the foregoing reasons, it is this 18th day of December, 2020, HEREBY ORDERED that:

1. Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment (ECF No. 43) is DENIED; and

2. The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

_____/s/_____
Richard D. Bennett
United States District Judge